UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12191-GAO

RYAN N. SCEVIOUR,
Plaintiff,

v.

COLONEL RICHARD MCKEON, MAJOR SUSAN ANDERSON,
and a number of JOHN DOES and/or JANE DOES,
Defendants,

and

CIVIL ACTION NO. 17-12232-GAO

ALI REI,
Plaintiff,

v.

COLONEL RICHARD MCKEON, MAJOR SUSAN ANDERSON,
and a number of JOHN DOES and/or JANE DOES,
Defendants.

OPINION AND ORDER
July 9, 2018

O'TOOLE, D.J.

The plaintiffs in these related cases, Ryan Sceviour and Ali Rei, are Massachusetts State Police Troopers who allege in substance that they were unjustly disciplined by superior officers, the defendants Colonel Richard McKeon, then Superintendent of the State Police, and Major Susan Anderson.[1] Sceviour and Rei claim they were disciplined for refusing to cooperate in the defendants' conspiracy to alter police reports and state court documents to omit information that

---

[1] Colonel McKeon and Major Anderson, both of whom have since retired from the State Police, are sued in their individual capacities. The parallel complaints also suggest claims against unidentified co-conspirators, named as John and/or Jane Does.

reflected poorly on an arrestee. Both complaints assert claims for violations of substantive due process under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Count I); violations of state constitutional rights and the Massachusetts Civil Rights Act, Massachusetts General Laws Chapter 12, Section 11H (Count II); civil conspiracy (Count III); and intentional infliction of emotional distress (Count IV). Sceviour additionally brings a claim for defamation (Count V) against all defendants except Major Anderson.

In brief, the plaintiffs allege that the defendants used their supervisory authority to require the plaintiffs to revise their reports about an arrest of a woman for operating under the influence of alcohol or drugs, made in the course of their duties, to omit information that, if publicly known, would embarrass not only the arrestee but also her family, including her father, a state court judge.

Pending before the Court are McKeon's motions to dismiss the complaints of both plaintiffs for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and Anderson's motion to dismiss the Rei complaint for failure to state a claim and her motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the Sceviour complaint.

Because this Court's subject matter jurisdiction over these two cases is based on the federal claims asserted, those claims are addressed first and, as will be seen, exclusively.

**I.     Applicable Standards for the Present Motions**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Legal conclusions and bare recitals of the elements of a cause of action are disregarded. Mead v. Indep. Ass'n, 684 F.3d 226, 231 (1st Cir. 2012) (citing Iqbal, 556 U.S. at 678 and Ocasio–

2

Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011)). "The remaining factual statements are taken as true, and the question becomes whether those statements permit a reasonable inference of liability for the misconduct alleged." Id. (citing Iqbal, 556 U.S. at 678).

A Rule 12(c) motion for judgment on the pleadings is "treated much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). The Court "accept[s] all of the non-movant's well-pleaded facts as true and draws all reasonable inferences in [their] favor." Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 42 (1st Cir. 2017) (citation omitted). "A judgment on the pleadings is only appropriate when 'it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Id. (quoting Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998)).

## II. Substantive Due Process Claims

The Due Process Clause in the Fourteenth Amendment "has both procedural and substantive components. In its procedural aspect, due process ensures that government . . . will use fair procedures." DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005). In their motion papers, each plaintiff has explicitly abjured any procedural due process claim: "There are no allegations in the complaint that would invoke the procedural due process clause, nor did the plaintiff plead such a claim." (Sceviour Opp'n to Def. McKeon's Mot. to Dismiss, 4 n.4 (dkt. no. 26); Rei Opp'n to Def. Anderson's Mot. to Dismiss, 3 n.3 (dkt. no. 25).)

"In its substantive aspect, due process safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them." DuPoutot, 42 F.3d at 118 (citation omitted). The plaintiffs each allege that the defendants' actions in using their authority to compel the plaintiffs to alter their official reports deprived them of substantive due process. In each of their complaints, the plaintiffs explicitly allege a civil rights

3

cause of action under 42 U.S.C. § 1983 in Count I. In Count III (captioned "Civil Conspiracy State and Federal") they appear also to allege a conspiracy under federal law to deprive them of federally guaranteed rights, thus implicitly invoking § 1983 again.[2]

There is a high threshold for Fourteenth Amendment substantive due process claims, "lest the Constitution be demoted to what [the Supreme Court has] called a font of tort law." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998). There are two aspects to a substantive due process claim. First, "in a [substantive] due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. Additionally, a plaintiff must show "not only that the official's actions shock the conscience, but also that the official violated a right otherwise protected by the substantive Due Process Clause." Martinez v. Cui, 608 F.3d 54, 64 (1st Cir. 2010) (citations omitted); Harron v. Town of Franklin, 660 F.3d 531, 536–37 (1st Cir. 2011). Neither element has been plausibly alleged by the plaintiffs here.

For the action of a government officer to be conscience-shocking, it must be "truly outrageous, uncivilized, and intolerable," McConkie v. Nichols, 446 F.3d 258, 260 (1st Cir. 2006) (quoting Hasenfus v. LaJeunesse, 175 F.3d 68, 72 (1st Cir.1999)), such that it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Lewis, 523 U.S. at 847 (citation omitted); see also Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 30 (1st Cir. 2008)

---

[2] There is no federal common law cause of action for civil conspiracy as alleged by the plaintiffs in Count III. The Court therefore construes this to be a conspiracy claim under § 1983—i.e., a claim that the defendants conspired to commit the civil rights violation alleged in Count I. Because conspiracy claims under § 1983 are not an independent cause of action, but only a mechanism for establishing liability for deprivations that are otherwise actionable under § 1983, Count III cannot succeed unless Count I does as well. See Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006); Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980) ("While conspiracies may be actionable under section 1983, it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws.").

("The state conduct itself must be so brutal, demeaning, and harmful that it is shocking to the conscience."). A plaintiff must allege a violation of personal rights "so severe[,] so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Harron, 660 F.3d at 536 (quoting González–Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010)). "Mere violations of state law, even violations resulting from bad faith, do not necessarily amount to unconstitutional deprivations of substantive due process." See DePoutot, 424 F.3d at 119 (citation omitted). Nor do claims based on "allegations of perjury, falsification of documents, and retaliatory action" suffice for the purposes of a substantive due process claim under this circuit's case law. See Frei v. Town of Holland, 212 Fed. Appx. 4, 6 (1st Cir. 2007); Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992) ("It is bedrock law in this circuit, however, that violations of state law—even where arbitrary, capricious, or undertaken in bad faith—do not, without more, give rise to a denial of substantive due process under the U.S. Constitution.").

The gist of the allegations in the two complaints at issue is that superior officers ordered the plaintiffs to alter reports or records to delete information that would be embarrassing to certain other persons. Such actions, if proven, would fall well short of the conscience-shocking standard required for a substantive due process claim. See Cruz–Erazo v. Rivera–Montanez, 212 F.3d 617, 623 (1st Cir. 2000) (holding that allegations that police officers engaged in a months-long campaign of harassment of plaintiffs and deliberately perjured themselves in official court proceedings failed to allege a claim for denial of substantive due process).

The plaintiffs have similarly failed to allege the second element of a substantive due process claim—that the defendants' actions deprived them of a constitutionally protected right or

interest. See Martinez, 608 F.3d at 64. "Substantive due process protects only rights and interests that implicate one of 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" Gonzalez-Fuentes, 607 F.3d at 895 n.13 (1st Cir. 2010) (quoting Washington v. Glucksberg, 521 U.S. 702, 720–21 (1997)).[3] No serious argument could be made that deciding what information to include in official records is one of "those fundamental rights and liberties."

For these reasons, the plaintiffs have in each case failed as a matter of law to adequately allege claims under § 1983 against both the named and John or Jane Doe defendants for violations of substantive due process or conspiracy to commit such violations. Those claims are therefore DISMISSED WITH PREJUDICE.

The remaining claims all arise under state law and do not present any federal question. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. See Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017) ("[I]t is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state claims unless doing so would serve 'the interests of fairness, judicial economy, convenience and comity.'") (citations omitted). All non-federal claims are therefore DISMISSED WITHOUT PREJUDICE to their assertion in an appropriate state forum.

---

[3] This is in contrast to procedural due process, which protects against the deprivation of rights created by state or federal law, such as interests created by state-sanctioned collective-bargaining agreements, Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92 (1st Cir. 2002), without adequate procedures to promote fairness. As noted above, these plaintiffs do not claim a denial of procedural due process.

It is SO ORDERED.

Judgment shall enter accordingly in each case.

/s/ George A. O'Toole, Jr.
United States District Judge